

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2008

# Allen v. Natl RR Passenger

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2723

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Allen v. Natl RR Passenger" (2008). *2008 Decisions.* Paper 881.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/881

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2723
_____

DEBRA ALLEN; BEVERLY GREEN;
RONALD JONES; JOILYNN SCOTT;
BILLY SHAW; YVONNE UPSHUR,

Appellants

v.

NATIONAL RAILROAD PASSENGER CORPORATION (Amtrak)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cv-03497)
District Judge:  Honorable Legrome D. Davis
_____

Submitted Under Third Circuit LAR 34.1(a)
April 18, 2008

Before:  SCIRICA, *Chief Judge*, AMBRO and FISHER, *Circuit Judges*.

(Filed: July 8, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

The plaintiffs, Debra Allen, Beverly Green, Ronald Jones, Joilynn Scott, Billy

Shaw, and Yvonne Upshur, appeal the District Court's order denying their "Motion for

Review and Reversal of Clerk's Taxation of Costs" where the Clerk taxed costs against Plaintiffs pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). For the following reasons, we will affirm the order of the District Court.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On September 6, 2005, the District Court granted summary judgment for the defendant, National Railroad Passenger Corporation, also known as "Amtrak," in a Title VII race-discrimination case brought by the plaintiffs. On October 7, 2005, the plaintiffs filed a notice of appeal. Seven days later, Amtrak filed a bill of costs initially seeking $765.09 in "Fees for exemplification and copies of papers necessarily obtained for use in the case" pursuant to 28 U.S.C. § 1920(4), and $12,002.52 in "Fees and disbursements for printing" pursuant to 28 U.S.C. § 1920(3). On January 31, 2007, we affirmed the order of the District Court granting summary judgment for Amtrak. On March 23, 2007, the Clerk entered his taxation of costs. The Clerk taxed the plaintiffs the $765.09 Amtrak had requested in fees for exemplification and copies necessarily obtained for use in the case and $6,451.52 for costs expended by Amtrak on outside duplicating and printing, yielding a total amount of $7,216.61. The Clerk did not grant Amtrak's request that the plaintiffs be taxed $5,551.00 for on-site duplicating and printing. The plaintiffs then filed a motion

2

styled "Motion for Review and Reversal of Clerk's Taxation of Costs," arguing that Amtrak purportedly only sought $765.09 in "copy costs" and the Clerk erred in awarding $7,216.61. On May 7, 2007, the District Court denied Plaintiffs' motion and affirmed the Clerk's taxation of costs. This timely appeal followed.

## II.

We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291. "In reviewing the District Court's decision to impose costs in this case, we exercise plenary review as to legal questions pertaining to Rule 54(d)(1). In reviewing the District Court's application of those legal precepts, we reverse only if that application exceeded the bounds of discretion." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir. 2000).

## III.

## A.

The plaintiffs first argue that "the copy costs taxed by the Clerk . . . exceed the copying costs claimed by the defendant by more than $6000.00." However, this argument is directly contradicted by the record on appeal. Pursuant to 28 U.S.C. § 1920(3), "A judge or clerk of any court of the United States may tax as costs . . . [f]ees and disbursements for printing and witnesses." In its bill of costs, Amtrak specifically requests both offsite and on-site "copy costs" under the heading "fees and disbursements for printing." Therefore, Amtrak sought the $6,451.52 that was awarded in outside copying costs in addition to the $765.09 for exemplification and copies of papers

necessarily obtained for use in the case, for a total of $7,216.61 in copying costs.  The plaintiffs make no argument that these amounts were calculated in error or that Amtrak was not otherwise entitled to recover these costs.  Thus, the District Court did not abuse its discretion in affirming the Clerk's taxation of copying costs.

B.

The plaintiffs also argue that the timing of Amtrak's filing of its Bill of Costs renders the District Court's decision invalid.  The plaintiffs contend that the Procedural Handbook of the Clerk for the U.S. District Court for the Eastern District ("Handbook") provides that a party cannot file a bill of costs with the Clerk until all litigation is completed and a "prevailing party" has been determined.  Handbook at 41, 43.  Specifically, the plaintiffs rely on the language "[i]t has been held that bills of costs must be filed within a 'reasonable' time after the conclusion of litigation." *Id.* at 41.  The plaintiffs interpret this language to require that the filing of the Bill of Costs before resolution of the appeal mandates that "the entire Bill of Costs [be] rejected by the Clerk and the District Court."

The plaintiffs did not raise this argument in their motion before the District Court and there is no other indication in the record that this argument was made before that Court.  Therefore, the plaintiffs have waived their right to pursue this argument on appeal. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir.

4

2007) ("absent exceptional circumstances, issues not raised before the district court are waived on appeal.")

Even if this argument had not been waived, the bill of costs was timely filed. The plaintiffs have not directed us to any rule or case supporting their contention that a bill of costs filed after summary judgment but prior to the resolution of the appeal must be rejected. Furthermore, the Clerk did not actually enter his Taxation of Costs until after we affirmed the District Court's summary judgment. Contrary to the plaintiff's assertions, we are aware of no rule that a bill of costs cannot be filed prior to resolution of the appeals process, so long as the Clerk does not tax costs before the ultimate prevailing party has been determined. *See Paoli*, 221 F.3d at 455 (upholding taxation of costs against plaintiff where bill of costs was filed after defendants prevailed in the District Court, but costs were not actually taxed until after resolution of the appeal).

IV.

For the foregoing reasons, we will affirm the order of the District Court.